UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| THOMAS ANTHONY EDWARD RICHARDSON, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Cause No. 3:11-CV-28 JVB |
| STATE OF INDIANA PUBLIC DEFENDER, *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Thomas Richardson, a prisoner confined at the St. Joseph County Jail, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that his public defender performed inadequately in criminal proceedings against him. Defendants are the State of Indiana Public Defender and Julie Verheye, an attorney assigned to represent Plaintiff in his criminal trial. This matter is before the Court pursuant to its statutory screening obligation. *See* 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his

> "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id*.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882,

888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). The Court will review the *pro se* plaintiff's complaint more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

According to the complaint, criminal charges were lodged against Plaintiff in St. Joseph County, and Defendant Verheye was appointed as his public defender. Plaintiff alleges that Defendant Verheye was not qualified to handle criminal cases, that she told his witnesses not to come to testify on his behalf, and that she "neglected to go over the motion of the discovery or the deposition statements that were directly conflicting." (DE 1 at 3).

Plaintiff has named the "State of Indiana Public Defender" as a defendant. In the body of his complaint, he states that "the State of Indiana is at fault for getting Julie as a lawyer, [because she is] not qualified." (DE 1 at 3). To the extent Plaintiff seeks to sue the State of Indiana or the Indiana Public Defender's office, he is barred by the Eleventh Amendment, which provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the state public defender's office as well as to the State itself. *Kashani v. Purdue University*, 813 F.2d. 843 (7th Cir. 1987). A state may elect to waive its Eleventh Amendment immunity, but Indiana has not done so. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988).

To the extent Plaintiff wishes to sue the person in charge of the state's public defender's office as an individual and the individual public defender who actually represented him, he states no claim upon which relief can be granted. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law," and if the defendant was not doing so, the action against them must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). A public defender who represents a criminal defendant in state court does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). In *Dodson*, a dissatisfied criminal defendant sued his public defender, Polk County, and its board of supervisors. The United States Supreme Court held that Dodson could not sue his public defender because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325. In regard to Dodson's claims against Polk County and its board of supervisors, the court held that "Section 1983 will not support a claim based on a *respondeat superior* theory of liability. *Id.* at 326, citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). Accordingly, Plaintiff may not sue

4

Defendant Verheye for actions she took while representing him. Likewise, even assuming that the public defender is Defendant Verheye's superior, Plaintiff may not pursue a § 1983 claim against him for the actions of Defendant Verheye.

For the foregoing reasons, the Court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A, and DIRECTS the Clerk to close this case.

SO ORDERED on January 27, 2011.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE